**DLD-202**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1806
_____

ISAN CONTANT,
Appellant
v.

MARY SABOL; JENNIFER ROGERS, Counselor;
VALERIE KREPPS, Counselor; LOIS, Counselor; RICHARD J. HODOROVIC;
OFFICER JOHN DOE ("#800"); DEPUTY WARDEN DOLL;
DEPUTY WARDEN JOHN DOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-00075)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2011

Before:  BARRY, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed: June 16, 2011)
_____

OPINION
_____

PER CURIAM

Isan Contant, an immigration detainee, appeals pro se from the District Court's order granting the defendants' motion to dismiss his civil rights complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

In January 2010, while confined in the York County Prison, Contant filed a complaint pursuant to 42 U.S.C. § 1983. He alleged that prison officials improperly placed him in the Behavioral Adjustment Unit ("BAU") rather than the Intensive Care Unit ("ICU") after he was charged with assaulting another inmate, violated his due process rights at a disciplinary hearing by relying on a report that incorrectly listed the time of the alleged assault, and refused to issue a check from his prison account to pay a "business entity."[1] The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion, concluding that Contant's placement in the BAU was not punishment, that there was sufficient evidence to support the disciplinary finding, and that "[w]hatever limits the due process clause may put on a prison's control of inmate or detainee accounts, it was not breached here by" the refusal to issue a check to pay a business entity. Contant appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The Court exercises plenary review over the District Court's grant of the defendants' motion to

---

[1] Contant also complained that officials improperly confiscated photographs which had been mailed to him. After Contant filed his complaint, officials at the York County Prison determined that the photographs did not violate prison policy and released them to Contant. Contant agreed that his claim related to the photographs had been rendered moot.

2

dismiss. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Because Contant was an immigration detainee at the time of the alleged constitutional violations, he is entitled to the same protections as a pretrial detainee. See Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000). "[W]hen pretrial detainees challenge their conditions of confinement, we must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment." Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008). The Supreme Court has instructed that "the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). To determine whether challenged conditions of confinement amount to punishment, the "Bell Court mandated a pragmatic approach . . . and formulated the 'reasonable relationship' test . . . ." Stevenson v. Carroll, 495 F.3d 62, 67 (3d Cir. 2007). Under that test, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Bell, 441 U.S. at 539. Of course, "[e]nsuring security and order at the institution is a permissible nonpunitive objective, whether the

3

facility houses pretrial detainees, convicted inmates, or both." Id. at 561. In this case, Contant was placed in the BAU on December 25, 2009, immediately after being charged with assaulting an inmate. Contant complained that his placement in the BAU, as opposed to the ICU, was an excessive response to his disciplinary infraction. Notably, however, Contant fails to allege that the defendants had an express intent to punish him, that placement in the RHU was excessive under the circumstances, or that the defendants were not acting to ensure institutional security. See Bell, 441 U.S. at 538 ("Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963))).

Contant further alleged that his due process rights were violated at the disciplinary hearing. A pretrial detainee who is transferred to more restrictive housing for disciplinary infractions is entitled to the due process protections applicable to sentenced inmates. Stevenson, 495 F.3d at 70-71 (citing Wolff v. McDonnell, 418 U.S. 539 (1974)). Those protections include written notice, adequate time to prepare a defense, a written statement of the reasons for action taken, and a limited ability to present witnesses and evidence. Wolff, 418 U.S. at 561-70. Contant did not allege that he was denied these protections. Instead, he claimed that the Disciplinary Board members improperly relied on an incident report which contained inaccurate information.

According to Contant's complaint, the incident report was prepared by "Officer 790," who claimed that he witnessed Contant assault an inmate at 9:40 a.m. on December 25, 2009. Contant testified at the hearing, however, that he was not awake at that time and that "Officer 790" was not on duty during the assault. The Disciplinary Board concluded that the report was more credible than Contant's testimony, reasoning that "Officer 790" mistakenly provided the wrong time on the incident report. Because the record contained evidence to support the conclusion that Contant had assaulted an inmate, we conclude that Contant's due process rights were not violated. See Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985) (holding that Fourteenth Amendment due process requires that a disciplinary finding be supported by "some evidence" in the record).

Finally, Contant complained that the defendants refused to issue a check or money order from his prison account to a "business entity." We have recognized that inmates have a property interest in funds held in their prison accounts. Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997). Therefore, "inmates are entitled to due process with respect to any deprivation of [] money" from their accounts. Id. Here, however, Contant did not allege that any money was seized or assessed from his account, and he failed to identify how the refusal to issue a check deprived him of a protected property interest for due process purposes. Burns v. PA Dept. of Corr., 544 F.3d 279, 286 (3d Cir. 2008); see also Johnson v. California, 543 U.S. 499, 510 (2005) ("[C]ertain privileges and rights

5

must necessarily be limited in the prison context."). Therefore, we will affirm the District Court's dismissal of this claim.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. <u>See</u> I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.